﻿Citation Nr: AXXXXXXXX
Decision Date: 10/30/20 Archive Date: 10/30/20

DOCKET NO. 190910-30453
DATE: October 30, 2020

ORDER

The Veteran’s claim for service connection for PTSD is reopened. 

Service connection for PTSD is granted. 

FINDINGS OF FACT

1. Evidence received after the July 2019 rating decision is new and relevant to the claim of service connection for PTSD.

2. The Veteran’s PTSD is causally related to in-service stressors. 

CONCLUSIONS OF LAW

1. New and relevant evidence has been received to reopen the claim for service connection for PTSD. 38 U.S.C. §§ 101 (35), 5108.

2. The criteria for entitlement to service connection for PTSD have been met. 38 U.S.C. §§ 1110, 5107; 38 C.F.R. §§ 3.303, 3.304.

 

REASONS AND BASES FOR FINDING AND CONCLUSION

The Veteran honorably served in the Air Force from July 1987 to November 1991. The Veteran’s service record reflects that he received the Air Force Achievement Medal, Air Force Good Conduct Medal and National Defense Service Medal. 

This matter comes before the Board of Veterans Appeals (Board) on appeal from a July 2019 Appeals Modernization Act (AMA) rating decision which denied the claim on appeal on the basis of new and relevant evidence having not been received to reopen the claim. In September 2019 the Veteran submitted a VA Form 10182 Notice of Disagreement (NOD) electing the evidence submission lane. Accordingly, the Board will consider the evidence of record up to the July 2019 rating decision and evidence submitted within 90 days of the September 2019 election of the evidence submission lane.

New and Relevant Evidence

In September 2019, VA received an August 2019 medical opinion from Coastal Psychology, LLC. 

Under the new AMA framework, “a claimant or his or her authorized representative, if any, who disagrees with a prior VA decision may file a supplemental claim... If new and relevant evidence is presented or secured with respect to the supplemental claim, the agency of original jurisdiction will readjudicate the claim taking into consideration all of the evidence of record.” See 83 Fed. Reg. 138, 169 and 172 (to be codified as 38 C.F.R. §§ 3.156(d) and 3.2501) (Jan. 18, 2019).

In general, decisions of a VA regional office (RO) that are not appealed in the prescribed time period are final. 38 U.S.C. § 7105; 38 C.F.R. §§ 20.302, 20.1103. A finally disallowed claim will be reopened, and the former disposition will be reviewed if new and relevant evidence is presented or secured with respect to that claim. 38 U.S.C. § 5108. Under the AMA, the evidence necessary for VA to readjudicate a claim is “new and relevant.” The AMA defines “relevant evidence” as “evidence that tends to prove or disprove a matter in issue.” Pub. L. No. 115-55 § 2(a).

The Board finds that the August 2019 medical opinion from Coastal Psychology, LLC constitutes new and relevant evidence because it is new and tends to prove that the Veteran’s PTSD is causally related to events or stressors that transpired during service. Therefore, new and relevant evidence having been received, the Veteran’s claim for service connection for PTSD is reopened. 

Service connection for PTSD

Legal Criteria 

Service connection will generally be awarded when a veteran has a disability resulting from disease or injury incurred in or aggravated by active service. 38 U.S.C. §§ 1110, 1131; 38 C.F.R. § 3.303 (a). Service connection may be granted for any disease diagnosed after discharge, when all the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303 (d).

To establish service connection on a direct basis, the evidence must show (1) a current disability; (2) incurrence or aggravation of a disease or injury in service; and (3) a link or nexus between the in-service disease or injury and the current disability. Holton v. Shinseki, 557 F.3d 1363, 1366 (Fed. Cir. 2009); Hickson v. West, 12 Vet. App. 247, 252 (1999).

Service connection for PTSD requires (1) medical evidence diagnosing the condition in accordance with 38 C.F.R. § 4.125 (a); (2) a link, established by medical evidence, between current symptoms and an in-service stressor; and (3) credible supporting evidence that the claimed in-service stressor occurred. 38 C.F.R. § 3.304 (f).

The provisions of 38 C.F.R. § 4.125 (a) require that a diagnosis of a mental disorder conform to the American Psychiatric Association’s Diagnostic and Statistical Manual, Fifth Edition (DSM-5). 

When there is an approximate balance of positive and negative evidence regarding any issue material to the determination of a matter, the Secretary shall give the benefit of the doubt to the claimant. 38 U.S.C. § 5107; 38 C.R.F. § 3.102; see also Gilbert v. Derwinski, 1 Vet. App. 49, 53 (1990).

Factual Background & Analysis 

Initially, the July 2019 AMA rating decision contained a favorable finding that the Veteran has a current diagnosis of PTSD. The Board is bound by this favorable finding. AMA, Pub. L. No. 115-55, § 5104A, 131 Stat. 1105, 1106-07.

(Continued on the next page)

 

In a June 2019 correspondence from Coastal Psychology, LLC (the Veteran’s private mental health treatment clinic), the Veteran’s treating psychologist explained that the Veteran’s PTSD symptoms such as nightmares, intrusive thoughts and flashbacks are related to a number of trauma incidents he experienced during military service. Specifically, the examiner cited to an incident in which the Veteran was behind a friend when someone reached around the Veteran and stabbed his friend in the neck. The Veteran proceeded to stop the bleeding by sticking his index finger in the friend’s carotid artery. The Veteran stated that his PTSD symptoms are largely related to experiencing this traumatic event during service. This event was corroborated in a notarized June 2019 statement by the victim of the assault. 

The Board finds that the elements of service connection have been met. The Veteran has an established PTSD diagnosis, his treating psychologist has provided evidence linking his PTSD to an in-service stressor and there is credible supporting evidence that the claimed in-service stressor occurred. 38 C.F.R. § 3.304 (f). Accordingly, service connection for PTSD is granted.

 

 

Jennifer White

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board Kyle McKone

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.